UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IN RE                                                                        Chapter 7

    NINOSKA MORALES,                                       Case No. 806-70854-478

                    Debtor.
---------------------------------------------------------X

# AMENDED MEMORANDUM
# DECISION AND ORDER

*A p p e a r a n c e s :*

Harvey J. Cavayero & Associates
*Attorneys for Ninoska Morales*
By: Harvey J. Cavayero, Esq.
57 Old Country Road, 2nd Floor
Westbury, NY 11590

Office of the United States Trustee
By: Stan Yang, Esq.
Alfonse M. D'Amato Federal Plaza
Central Islip, NY 11722

Zavatsky, Mendelsohn, Gross & Savino
*Attorneys for the Chapter 7 Trustee*
*Allan B. Mendelsohn, Esq.*
33 Queens Street
P.O. Box 510
Syosset, New York 11791

This matter is before the Court pursuant to a Chapter 7 debtor's belated request under 11 U.S.C. §109(h)(3) for a temporary extension of time to comply with the prepetition counseling requirements contained in 11 U.S.C. §109(h)(1).   The Court has considered Ninoska Morales's (the "Debtor's")  reasons for the request for the extension of time and finds that the request meets

 the statutory requirements for granting the request.  The Court further finds that the failure to make the request on the petition date is the result of excusable neglect, and the Court will not deny the request based on procedural grounds.  The following constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## FACTS

On April 19, 2006, the Debtor filed a petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtor is a single working mother with three children.  She is represented by bankruptcy counsel.  On page two of the petition, the Debtor failed to check either the box indicating that she received budget and credit counseling during the 180-day period preceding the filing of the petition or the box indicating that she requests a waiver of the credit counseling requirement based on exigent circumstances.  On April 24, 2006, the Debtor filed a request pursuant to Section 109(h)(3) of the Bankruptcy Code for a temporary exemption from the credit counseling requirement (the "Request").  According to the Request, the debtor did attempt to obtain credit counseling on April 15, 2006 but she could not procure the credit counseling prior to filing the petition because she could not take off the time from work to undergo the credit counseling over the five day period from the request.  On May 2, 2006, this Court filed an Order to Show Cause scheduling a hearing to determine whether the Debtor's case

should be dismissed for failure to comply with the credit counseling requirement imposed by § 521(b)(1) of the Bankruptcy Code.

Prior to the hearing on the Court's Order to Show Cause, the Debtor filed an amended request for a temporary exemption from the credit counseling requirement on May 2, 2006 (the "Amended Request"). The Debtor recites in the Amended Request that she contacted a credit counseling agency called Springboard Non-profit Consumer Credit Management, Inc. ("Springboard") on April 15, 2006 but she could not pay the $50 counseling fee requested by Springboard because her account had been frozen by a judgment creditor. The Debtor further represented that she is paid from her employer on an hourly basis, and she receives paychecks every two weeks. After her petition was filed, the freeze on her bank account was removed.

The Debtor's petition reveals that she does not own any real property and Midland Credit is the only secured creditor listed on the Debtor's schedules. According to the Debtor's schedules, Midland Credit is a secured creditor in the amount of $1,638.00 by virtue of a judgment obtained against her. Midland Credit had frozen her bank account, which rendered the Debtor unable to pay for the credit counseling. On May 4, 2006, the Debtor received her credit counseling. On May 23, 2006, the Debtor filed her certificate of completion of credit counseling from Springboard.

At the hearing on May 9, 2006, the Debtor's counsel appeared and requested that the Debtor be granted a temporary exemption from the credit counseling requirement. Counsel to the Debtor stated that the Debtor speaks limited English and she was not aware of whether the $50 fee normally charged by the credit counseling agency could be waived. The Office of the United States Trustee (the "U.S. Trustee") placed an oral objection on the record, stating that the

Debtor failed to file her request for the temporary exemption on the petition date. Pursuant to Interim Bankruptcy Rule 1007(b)(3) and (c), a request for a temporary exemption of the credit counseling requirement under § 109(h)(3) shall be made at the time the petition is filed. Counsel to the Debtor advised the Court that the Request was not filed with the petition because he was not aware of this requirement. Counsel to the Debtor also advised that the Debtor meets the means testing requirement imposed on individual debtors under Chapter 7, and that the Debtor paid his attorney's fee prior to the filing of the petition by obtaining an advance directly from her employer. Upon the conclusion of the hearing, the Court marked the matter submitted.

## DISCUSSION

This case was commenced after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 (the "Act"). As a result, the Debtor is bound to comply with the requirements under the Act. Under § 109(h)(1) of the Act, an individual may not be a debtor unless the individual has received credit counseling from an approved nonprofit budget and credit counseling agency during the 180 days preceding the filing of the petition. However, a debtor may receive a temporary exemption from the requirements of receiving prepetition credit counseling under certain specific grounds, which are outlined in § 109(h)(3) of the Bankruptcy Code:

> (A) Subject to subparagraph (B), the requirements of paragraph (1) [regarding the obligation to file a certificate evidencing receipt of credit counseling] shall not apply with respect to a debtor who submits to the court a certification that -
>     (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>     (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made the request; and
>     (iii) is satisfactory to the court.

> (B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

11 U.S.C. §109(h)(3).

In this case, the Debtor filed her Request and her Amended Request using a Court-approved form which provides for the signature of the Debtor and her counsel. The three requirements for a temporary exemption from the credit counseling requirement are listed in the conjunctive, meaning that the debtor must satisfy each of the elements of § 109(h)(3)(A) (i), (ii) and (iii) in order to obtain the requested relief. *In re Rodriguez*, 336 B.R. 462, 470 (Bankr. D. Idaho 2005) (citing *In re Cleaver,* 333 B.R. 430, 434-45 (Bankr. S. D. Ohio 2005)); and *In re Watson*, 332 B.R. 740, 745 (Bankr E.D. Va. 2005) (other citations omitted). The Debtor's request for a temporary exemption was not signed under penalties of perjury. The certification provided by the debtor is a statement that the signer attests is true. *In re Henderson*, 339 B.R. 34, 38 (Bankr. E.D.N.Y. 2006) (citing *In re Talib*, 335 B.R. 417, 420-21 (Bankr. W.D. Mo. 2005)). Therefore, the Court presumes that the statements contained in the Request and the Amended Request are true and accurate.

The first requirement the Debtor must satisfy is a showing that exigent circumstances existed so as to merit waiver of the prepetition credit counseling requirement. Of the reported cases on this issue, the debtors in question usually faced imminent foreclosure or garnishment. In this case, the act in question has already taken place. The Debtor's only bank account was subject to a freeze placed at the request of a judgment creditor. This bank account is the Debtor's only source of funds. Therefore, the facts of this case differ from most of the other

published decisions with regard to the circumstances precipitating the filing of the Request. However, bankruptcy courts examining this issue have provided constructive insight into what constitutes "exigent" circumstances. Courts have looked to Black's Law Dictionary, which defines "exigent" as "[r]equiring immediate action or aid; urgent <exigent circumstances>." *In re Cleaver,* 333 B.R. at 435, *In re Henderson*, 339 B.R. at 38. At least one court has found that an impending foreclosure sale or garnishment cannot constitute exigent circumstances absent the existence of other separate factors because (i) in general foreclosures come with advance notice and (ii) most debtors seek relief from the Bankruptcy Court due to some sort of collection effort brought against them, which makes their predicament unexceptional. *In re Rodriguez,* 336 B.R. at 474-75. On the other hand, at least one court has found that imminent foreclosure is precisely the type of circumstance that qualifies as exigent. *In re Childs* 335 B.R. 623, 630 (Bankr. D. Md. 2006). The majority of the cases fall somewhere in between, and require an inquiry into the specific circumstances which precluded the debtor from obtaining the credit counseling prior to filing the petition. *In re Dixon*, 338 B.R. 383, 388 (8th Cir. B.A.P. 2006), *In re Talib,* 335 B.R. at 423, *In re Graham,* 336 B.R. 292, 297 (Bankr. W.D. Ky. 2005).

In examining the factors specific to this case in relation to existing case law, the Court finds that the requirement that exigent circumstances existed is met. In this case, the Debtor did not have the funds to pay for the credit counseling prepetition because the funds in her only bank account were frozen. In order to obtain the funds, she had to either obtain a waiver of the counseling fee or file a petition requesting a temporary exemption from the credit counseling requirement until funds became available to her. The Debtor did not wait until the "eleventh hour" to file the petition, thus causing the exigent circumstances herself. Rather, she did not

have the funds to obtain the credit counseling as a result of creditor action which had already taken place. If the sole source of funds to pay for the counseling were unavailable due to the actions of the judgment creditor, she could never comply with the credit counseling requirement unless the fee was waived by the credit counseling agency or the funds in her account became available. At the hearing, counsel to the Debtor stated that the Debtor spoke limited English and may not have understood whether the fee could be waived. It is not clear whether the credit counseling agency voluntarily advised her that they would permit her to have the counseling and obtain the certification without receipt of the fee as they are required to do. In any event, the Debtor believed she could not obtain the counseling absent paying the $50 fee. After the petition was filed, the funds in her account became available to her and she obtained the credit counseling. Based on all of the factors recited, the Court finds that exigent circumstances have been established by the Debtor.

With regard to the second factor, the Debtor must establish that she was unable to obtain the credit counseling services within five days from the request. In this case, the reason the Debtor could not obtain the services is twofold. The Debtor could not get time off from work to obtain the counseling within the five days after the request, and she would not have the funds to pay for the counseling within the five days after the request. There is "no express requirement in § 109(h) that a debtor exhaust all credit counseling options or that a debtor absolutely accept any offer of counseling, no matter how inconvenient or onerous." *In re Graham*, 336 B.R. at 297. The bankruptcy court in the *Graham* case judged this factor based on a standard of reasonableness. The Court agrees with the *In re Graham* decision and shall not impose upon the Debtor the requirement that she search the county over for an agency that could fulfill her needs.

The Debtor is a single working mother with three children, and to require an exhaustive search on her part is contrary to the purpose of the Bankruptcy Code, which is to provide a fresh start to an honest but unfortunate debtor. The purpose of the Bankruptcy Code remains unchanged despite the new provisions contained in the Act, and this Court is a court of equity first and foremost. Therefore, the Court finds that these reasons proffered by the Debtor as to why she could not obtain the counseling within five days of her inquiry are satisfactory.

The final requirement is that the certification itself is satisfactory to the Court. The two certifications filed by the Debtor are satisfactory to the Court in that they are forms proposed by the Court and both contain the signature of the Debtor and her counsel.

Having found that the Debtor's Request and Amended Request meet the requirements of § 109(h)(3) of the Bankruptcy Code, the Court now turns to the objection raised by the U.S. Trustee, which is that the Request was filed five days after the petition was filed instead of with the petition. The Court notes that the U.S. Trustee did not object to the Request based on substantive factors. The U.S. Trustee's objection is based on its belief that the Bankruptcy Code requires the Debtor to file the Request with the petition or else it its untimely. The U.S. Trustee is incorrect in its belief. The requirement that the Request be filed with the petition is located **nowhere** in the Bankruptcy Code. This procedural requirement is contained in Interim Bankruptcy Rule 1007(c). The Interim Bankruptcy Rules have been adopted by the Bankruptcy Courts for the Eastern District of New York but they are subject to review and revision by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States.[1]

---

[1] Memorandum from the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States to all Chief Judges, United States District Court Judges, United States Bankruptcy Courts (Aug. 22, 2005).

Section 109(h) of the Bankruptcy Code provides that an individual may not be a debtor unless, prior to the filing, such individual has either received credit counseling within 180 days prior to the filing or lives in a district where the U.S. Trustee has determined that the existing approved nonprofit budget and credit counseling services are not reasonably able to provide adequate services for the district.   Courts ruling on this issue have found that filing the certificate evidencing compliance with this requirement under § 521(b) of the Bankruptcy Code is an essential eligibility requirement for an individual debtor.  *In re LaPorta*, 332 B.R. 879, 882 (Bankr. D. Minn. 2005), *In re Rodriguez,* 336 B.R. at 467.

However, there  is an exemption to this prerequisite if  a debtor submits a request for a  temporary waiver of the credit counseling requirement.   Section 109(h)(3) of the Code  does not require that the request be filed at the time the petition is filed.  This timeliness requirement is contained in Interim Bankruptcy Rule 1007(c), which provides that this request shall be filed with the  petition.  Interim Bankruptcy Rule 9006 governs time computations and adjustments under the Bankruptcy Rules.  Pursuant to Interim  Bankruptcy Rule 9006(b)(1), the Bankruptcy Court may enlarge the time to act under the Bankruptcy Rules on motion made after the expiration of the specified period where the failure to act was the result of excusable neglect. Exceptions and limitations  to the applicability of subsection (b)(1) of this  Interim Bankruptcy Rule, which are contained in Interim Bankruptcy Rule  9006(b)(2) and (b)(3) do not apply in this case.  The Debtor is seeking an extension of the deadline to file the Request for five days after the petition date.  Therefore, Interim Bankruptcy  Rule 9006(b)(1) governs whether the Debtor may obtain an enlargement of time to file the Request beyond the petition date.

In order to qualify under Interim Rule 9006(b)(1), the Debtor must make a motion and

establish that the Debtor failed to timely file the Request as a result of excusable neglect.  The standards applicable to finding excusable neglect are set forth in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993) *("Pioneer").*  Under the *Pioneer* case, the Supreme Court found that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness."  *Id.* at 388, 113 S. Ct. at 1495.   According to the *Pioneer* Court, the determination would be an equitable one, taking into account all relevant circumstances attendant to the failure to timely act, including "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on the judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."  *Id.* at 395, 113 S. Ct. at 1498 (citation omitted).

The Court of Appeals for the Second Circuit has taken a self-described "hard line" in applying the *Pioneer* factors.  *Midland Cogeneration Venture Ltd. Partnership v. Enron Corp. (In re Enron Corp.*), 419 F.3d 115, 122 (2d Cir. 2005) (citing *Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 368 (2d Cir. 2003), *cert. denied  Essef Corp. v. Silivanch,* 540 U.S. 1105, 124 S. Ct. 1047, 157 L.Ed.2d 890 (2004)).  The Second Circuit has opined that in the usual case of this type, three of the four factors to be considered weigh in favor of the party requesting the extension. *Id.*  The third factor, the reason for the delay, including whether it was in the reasonable control of the moving party,  is usually the most important factor to consider.  *Id.*

In this case, there is no danger of prejudice to the Debtor or any creditor if the relief is granted.  There will be no delay in the proceedings as a result of the granting of this motion, and the Debtor acted in good faith.  The Debtor completed the counseling requirement on May 4,

2006, and filed the certificate of completion of the credit counseling requirement on May 23, 2006, which is within 45 days of the petition date. The third factor regarding the reason for the delay in filing the Request does not weigh in favor of the Debtor. Counsel to the Debtor's excuse for the delay is that this is his first petition filed under the Act and he was unaware that the Request was due with the petition.

In general, no excusable neglect can be found where the delay is due to counsel's misunderstanding of clear law. The Court acknowledges that counsel's excuse is based on lack of knowledge of the new requirements under the Act. However, the provision under which counsel failed to comply is a procedural requirement under the Interim Rules, not a substantive requirement. In fact, the Debtor has timely completed her counseling requirement, has filed her certificate of completion of the credit counseling requirement and is otherwise eligible to file an individual petition under Chapter 7. These factors, including the apparent good faith of the Debtor, warrant an extension of time in this case. The Debtor qualifies for a temporary exemption of the credit counseling requirement through May 23, 2006. That her request for a temporary exemption was several days late does not warrant denial of the Request under the facts of this case.

The only other similar case ruling on the applicability of excusable neglect to the Section 109(h) requirements does not conflict with this ruling. In *In re Sukmungsa*, 333 B.R. 875 (Bankr. D. Utah 2005), the debtors failed to certify compliance with § 109(h)(1) on the petition form, and an order of dismissal was entered in the case as permitted by the local rules applicable

to that case.[2]  Two days later, the debtors filed a motion seeking vacatur of the order of dismissal on grounds of excusable neglect.  The court found that there was significant confusion as to whether the debtors actually complied with the prepetition counseling requirement, and it did not appear that counsel to the debtors had evidence of compliance with this requirement.  According to the bankruptcy court, the inconsistencies in the testimony of the debtors' counsel and the lack of contemporaneous documentation provided by the parties,  coupled with the court's inability to find that the debtors actually complied with the prepetition counseling requirement, precluded a finding of excusable neglect.  However, the court did state that "[i]f the issues in this case were simply about computer software errors and counsel's excusably negligent efforts in reporting the Debtors' otherwise completed acts to the Court, the Court may have ruled differently." *Id.* at 880.  The Court finds that the fact that the Debtor in this case has already complied with the credit counseling requirement within 45 days of the petition date and has acted in good faith warrants a finding of  excusable neglect under Interim Bankruptcy Rule 9006(c).

## CONCLUSION

1. The Debtor's Request and Amended Request properly set forth exigent circumstances warranting an extension of time to obtain credit counseling, as required under § 109(h)(3)(A)(i) of the Bankruptcy Code.

2.  The Debtor was unable to obtain credit counseling within five days after her request from the counseling agency for valid reasons, as required under § 109(h)(3)(A)(ii) of the Bankruptcy

---

[2]This Court is not currently subject to any local rule requiring automatic dismissal of a debtor's case for failure to comply with § 109(h)(1) or (3) of the Bankruptcy Code.

Code.

3.  Pursuant to § 109(h)(3)(A)(iii) of the Bankruptcy Code, the form of the Request and Amended Request comply with the the Court's requirements.

4.  In this case, the failure to file the Request with the petition constitutes excusable neglect as set forth under Interim Bankruptcy Rule 9006(c).

5.  The U.S. Trustee's oral objections to the Request and Amended Request are overruled.

SO ORDERED

Dated: Central Islip, New York
      May   24, 2006                                      By: ***/s/ Dorothy Eisenberg***
                                                                  Dorothy Eisenberg
                                                                  United States Bankruptcy Judge